UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN L. JONES, a/k/a McCLELLAN (Tulalip Tribes Member T1753),<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TULALIP TRIBES FINANCE & MEMBERS & EMPLOYEES, et al.,<br><br>　　　　　　　　Defendants. | Case No. C17-1155 RSL-BAT<br><br>**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND** |

Melvin L. Jones is presently being held at Western State Hospital. Dkt. 4. According to Mr. Jones, he was transferred from the Snohomish County Jail after he was found incompetent to stand trial. *Id*. In his pro se complaint he alleges that various individuals have slandered his name by telling "everyone" that he is a snitch and confidential informant, and that they are withholding his membership in the Tulalip Tribe and refuse to send him monthly per-capita checks. Mr. Jones requests that all of the named defendants and organizations be restrained, that he receive all his per-capita checks from the Tulalip Tribe, and that this Court place him in the federal witness protection program. Dkt. 1-1, pp. 3-4.

Because the complaint contains deficiencies, the Court **DECLINES** to serve the complaint but **GRANTS** Mr. Jones leave to file an amended complaint by **September 8, 2017**.

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Mr. Jones must clarify whether he has any basis for pursuing a claim under § 1983. In his complaint, he names numerous individuals but fails to allege facts describing who these individuals are, whether they were acting under color of state law, and how and when they allegedly violated his constitutional rights. Mr. Jones alleges only that certain named defendants (Echavarria, Santos, Schackel, Sallee, Tilleson, and Fryberg) have slandered his name and that unnamed Tulalip Tribes Finance employees have denied Mr. Jones a Tulalip tribal membership card and refuse to send him monthly per capita checks. Mr. Jones fails to plead facts as to the remaining thirteen defendants and a number of the defendants are clearly private parties, *i.e.,* Global Tel Link, Wells Fargo, who cannot be sued under § 1983 because they are not state actors. In addition, actions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law. *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir.1989); *see also Bressi v. Ford*, 575 F.3d 891, 895 (9th Cir.2009); *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (9th Cir.1983). The tribal

defendants can thus be held liable under § 1983 only if they were acting under color of state, not tribal, law at the time of the alleged violation of Mr. Jones's constitutional rights.

If Mr. Jones intends to pursue this action, he must file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Mr. Jones' constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). In addition, Mr. Jones must name a state actor as a defendant or plead facts sufficient to show that the named defendants in this action were "acting under color of state or federal law" as opposed to tribal law.

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. The Court realizes Mr. Jones is proceeding pro se. Thus rather than simply dismissing the action, the Court grants him permission to file an amended complaint to cure the above-mentioned deficiencies by **September 8, 2017.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this  8th  day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge